The opinion of the Court was delivered by
Johnston, Ci-i.
It certainly was competent for Mrs. Cunningham — if she clearly understood the transaction, and entered into it with such an intention, — to make a gift to Dr. Simpson of the two confessions, and to allow him, in addition, to hold the two prior judgments, to reimburse him for the money he might advance on them. But, considering her advanced age and infirmity, and her great distress, and the confidence she reposed *419 in him, it would require clear evidence to establish this : clearer evidence than this case affords.
Considered in the light of a mere business transaction, it would be difficult to support a bargain, by which one party has obtained from the other enforcinle securities to near $2,500, for advancing little over $1,000.
But my conviction, arising mainly from the evidence introduced by Dr. Simpson himself, with very slight aid from any other evidence, and without resorting at all to the after declarations of Mrs. Cunningham, (which I regard as incompetent,) is, that it was not the intention of the parties — especially of Mrs. Cunningham — that the judgments, which Dr. Simpson was to take up, were to be kept afoot by him, as demands against her.
Dr. Campbell, who was present when the bargain respecting Smith’s judgment was made, says expressly, she “ wanted it satisfied and again, that “ she wished the Smith judgment paid off.” And Anderson, who was present when Dr. Simpson paid it off to Smith, says, that it was in consequence of his suggesting to Simpson, that he had better take an assignment of it, to guard against prior liens, that Simpson, after some hesitation, concluded to do so. Would he have hesitated, if he had, at that time, understood that"the judgment was to be kept afoot?
Whatever was said in relation to a gift, in connection with the $1,000 confession which Mrs. Cunningham made for taking up Smith’s judgment, is easily accounted for by the fact, that the confession exceeded the prior judgment nearly $200. The gift consisted in this excess.
Smith’s testimony is not opposed to this view. He was not present at the bargain : and only repeated what Simpson told him, — probably, after he had concluded to adopt Anderson’s advice.
So much for Smith’s judgment and the confession of $1,000.
Dr. Watts was present when Dr. Simpson undertook to take up Stewart’s judgment of $100; on which occasion, the confession of $500 was given. He testifies to Mrs Cunningham’s impression, that both Smith’s and Stewart’s judgments were to *420 be extinguished; — “ She seemed to think the Smith and Stewart judgments were satisfied, — and she was satisfied.”
On this occasion, she increased the rate of compensation beyond what she had agreed to give, when the treaty related to Smith’s judgment alone. It will be remembered, that though Dr. Simpson was to receive $200 for paying Smith off, yet he was to wait until her death for reimbursement, and, in the meantime, was to forego the interest on his confession. When Stewart’s debt became the subject of further stipulations, it may have occurred to the parties, that, by the prolongation of her life, this might become a less advantageous bargain on his part than had been anticipated; and this occasion may have been taken to increase his compensation, as well as to give him compensation for undertaking to take care of her and her affairs, (which he now undertook,) by allowing him, in addition to the $1,000 confession, which he already held, another for $500;— thus, according to Dr. Watts, compensating him “ for what he had done, and what he ” now “ promised to do for her.”
Thus, it will be perceived, that, in my opinion, the justice of the case requires a decree, that the two judgments of Smith and Stewart, which Dr. Simpson sets up, be perpetually enjoined ; and that he be allowed to set up his two confessions, with interest only from the death of the testatrix. This, I think, was the understanding and contract of the parties, and there appears to have been fair consideration for it.
I do not think evidence, to show, that the legacy of $1,200 was intended as a satisfaction of what the testatrix owed Dr. Simpson, was admissible.
Nor do I think, that any presumption that it was so intended, can be raised under the will. The fact that the legacy is less than the just claim of a creditor, as in this instance, and the additional fact, which appears in this will, that the testator has made express provision for the payment of debts — both, according to authority, (a) repel the idea that a legacy, in terms of *421 donation merely, to one who happens to be a creditor, was intended as a satisfaction of his demands.
It is ordered, that the defendant, Dr. Edward Gr. Simpson, be perpetually enjoined from setting up the judgments and executions of Smith and Stewart, mentioned in the pleadings, and that he enter satisfaction thereon.
And it is further ordered, that, in the account directed in the decree, the said defendant be allowed credit for the two confessions taken by him from his testatrix, described in the pleadings, with interest only from the death of said testatrix ; and that he also be allowed credit for his said legacy of $1,200.
That he do pay the costs of this suit. And that the decree appealed from be modified, according to this decree ; and that, in all respects, except as so modified, it be affirmed.
Waudlaw, Ch., concurred.

 2 Story Eq. § 1120, 1122.